IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:11-CR-14-2-BO
NO. 4:13-CV-219-BO

| | |
|---|---|
| TYRON DUPREE GEORGE, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | **ORDER** |

This matter is before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, the government's motion to dismiss, and petitioner's motion to amend.

For good cause shown, petitioner's motion to amend his § 2255 petition [DE 109] to assert a claim that trial counsel was ineffective for failing to file a notice of appeal following his resentencing on January 3, 2013, as directed is GRANTED. *See* Fed. R. Civ. P. Rule 15(a).

In *United States v. Diaz*, 2013 U.S. App. LEXIS 24134 (4th Cir. Dec. 4, 2013), the Fourth Circuit discussed the need for an evidentiary hearing when a petitioner alleges that his counsel did not file a direct appeal despite a request to do so.

> In *United States v. Peak*, 992 F.2d 39, 41-42 (4th Cir. 1993), this court held that counsel's failure to file a notice of appeal as directed constitutes per se ineffective assistance. Under 28 U.S.C.A. § 2255(b), unless the pleadings, files, and records conclusively show that the prisoner is not entitled to relief, the district court shall hold an evidentiary hearing. *United States v. Witherspoon*, 231 F.3d 923, 925-27 (4th Cir. 2000). Whether an evidentiary hearing is necessary is generally left to the sound discretion of the district judge, but we long ago recognized that there remains "a category of petitions, usually involving credibility, that will require an evidentiary hearing in open court." *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970).

*Diaz*, 2013 U.S. App. LEXIS 24134 at *1–2. In *Diaz*, the government presented an affidavit from counsel attesting that Diaz never requested that a notice of appeal be filed and the district court denied relief with respect to that claim after determining that it lacked credibility. *Id.* However, the Fourth Circuit noted that the district court could not make a credibility determination without an evidentiary hearing. *Id.* at *2–3.

Accordingly, the Court will hold an evidentiary hearing on petitioner's claim that he instructed his attorney to file a direct appeal. Rule 8(c) of the Rules Governing § 2255 Proceedings requires that the Court appoint counsel to represent petitioner at an evidentiary hearing if he meets the indigency requirements. *See also United States v. Harris*, 217 F.3d 841 (4th Cir. 2000) (unpublished table decision). As petitioner was previously determined to meet the indegency requirements, Raymond Tarlton is hereby APPOINTED to represent petitioner for this evidentiary hearing. 18 U.S.C. § 3006A. Pursuant to Rule 8(c) of the Rules Governing section 2255 Proceedings the Court will conduct the hearing as soon as is practicable after giving the attorneys adequate time to investigate and prepare. The court will consider petitioner's remaining claims and the government's motion to dismiss after it has conducted the evidentiary hearing.

## CONCLUSION

For the foregoing reasons, the Court will hold an evidentiary hearing as to petitioner's claim that he instructed his attorney to file a direct appeal. The clerk is DIRECTED to provide a copy of this order to the Office of the Federal Public Defender and Raymond Tarlton.

SO ORDERED. This the _27_ day of March, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2