IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:11-CR-14-2-BO
NO. 4:13-CV-219-BO

| | |
|---|---|
| TYRON DUPREE GEORGE,<br>Petitioner, | )<br>)<br>) |
| v. | )     **ORDER** |
| UNITED STATES OF AMERICA,<br>Respondent. | )<br>)<br>)<br>) |

This matter is before the Court following its grant of petitioner's amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and denial of the government's motion to dismiss. An evidentiary hearing was held before the undersigned on June 10, 2014, at Raleigh, North Carolina, and thereafter petitioner's § 2255 motion was granted. The case was then stayed. For the reasons discussed below, the Court amends its judgment on the § 2255 motion and directs re-entry of petitioner's criminal judgment to permit him time to file a direct appeal.

## BACKGROUND

Petitioner, Mr. George, was sentenced by this Court on August 9, 2011, to 188 months' imprisonment after having pleaded guilty without a plea agreement to one count of distribution of five or more grams of cocaine base and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Mr. George noticed a direct appeal, and his sentence was vacated and remanded for resentencing in light of the application of *Dorsey v. United States*, 132 S.Ct. 2321 (2012), and the Fair Sentencing Act. On January 3, 2013, Mr. George was resentenced to 151 months' imprisonment.

Mr. George did not notice a direct appeal following his resentencing, but timely filed his motion pursuant to 28 U.S.C. § 2255. Mr. George first contended that application of the Fourth Circuit's holding in *United States v. Davis*, 720 F.3d 215 (4th Cir. 2013), requires that he be resentenced. Specifically, Mr. George contended that two of his prior convictions were improperly treated as separate felony convictions, and that when those convictions are properly counted Mr. George would not qualify for the career offender enhancement under U.S.S.G. § 4B1.1. Mr. George later moved to amend his § 2255 motion to add a claim that he requested that his counsel notice an appeal following resentencing but that counsel failed to do so.

By order entered March 25, 2014, the Court allowed Mr. George's motion to amend his section 2255 motion, set the matter for evidentiary hearing on the failure to notice a direct appeal claim, and appointed counsel. At the hearing, Mr. George, through counsel, clarified that his claim for ineffective assistance of counsel related to the filing of a direct appeal would be more properly construed as one alleging that counsel failed to *consult* with Mr. George regarding the propriety of an appeal, rather than the failure to notice an appeal after being requested to do so. *See Roe v. Flores-Ortega,* 528 U.S. 470, 478-80 (2000) (counsel has a duty to consult with defendant about an appeal when "there is reason to think either (1) that a rational defendant would want to appeal . . ., or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.").

By order entered June 11, 2014, the Court granted Mr. George's § 2255 motion and denied the government's motion to dismiss, holding that pursuant to the panel opinion in *Whiteside v. United States*, 748 F.3d 541, 551 (4th Cir. 2014), Mr. George's claim that his career offender designation was infirm was cognizable on collateral review. Because the Court found Mr. George to be entitled to relief on the merits of his claim under *United States v. Davis*, the

2

Court declined to consider Mr. George's ineffective assistance of counsel claim. Prior to resentencing, the government moved to reconsider, asking the Court to stay the resentencing pending en banc review of *Whiteside*. The Court granted the government's motion and the case was stayed. [DE 136]. Following issuance of the mandate in *Whiteside*,[1] Mr. George filed a motion seeking continued stay of the case pending the issuance of the mandate in *United States v. Foote*, No. 13-7841, which squarely presented the issue of whether a challenge to the Chapter Four career offender designation is cognizable on collateral review. This request was granted and the stay of this matter was continued. [DE 142].

The court of appeals in *Foote* held that a challenge to the erroneous application of the career offender enhancement is not cognizable on collateral review. *Foote*, 784 F.3d at 940, *cert. denied*, 135 S.Ct. 2850 (2015). On June 19, 2015, Mr. George filed a memorandum in further support of his § 2255 motion. Mr. George concedes that his challenge to the career offender enhancement is no longer cognizable in light of *Foote*, but maintains the argument presented at the evidentiary hearing that his counsel was ineffective for failing to consult with him regarding the advantages and disadvantages of an appeal. The government did not file a brief on the effect of *Foote* as directed by this Court's order [DE 142], nor did it respond to Mr. George's memorandum.

## DISCUSSION

At the outset, the Court lifts the stay in this matter previously entered and continued to allow for resolution of matters before the court of appeals. Further, because the basis for this

---

[1] The en banc court in *Whiteside* affirmed the district court's dismissal of the petition as untimely and did not address the cognizability of Mr. Whiteside's claim. *Whiteside v. United States*, 775 F.3d 180 (4th Cir. 2014) (en banc). The Supreme Court declined to grant certiorari. *Whiteside v. United States*, 135 S.Ct. 2890 (2015).

3

Court's grant of Mr. George's § 2255 motion is now infirm in light of *Foote*, the Court recharacterizes Mr. George's memorandum filed on June 19, 2015, as a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The Court finds that a Rule 59(e) motion to accommodate a change in controlling law is timely and appropriate in this instance as this matter has been stayed since two days following entry of judgment on the § 2255 motion and the stay was entered for the express purpose of accommodating, if necessary, an intervening change in controlling law. *See e.g. Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 407 (4th Cir. 2010) (identifying circumstances under which altering or amending judgment is appropriate, including an intervening change in controlling law).

In order to demonstrate that the assistance of counsel was ineffective, a petitioner must show (1) deficient performance, meaning that "counsel's representation fell below an objective standard of reasonableness" and (2) resulting prejudice, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). In accordance with *Strickland*, the prejudice prong is evaluated first if the lack of sufficient prejudice alone can dispose of the ineffective assistance claim. *Id.* at 697. The Court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Strickland*, 466 U.S. at 689-90).

Where a defendant neither instructs counsel to file an appeal nor instructs that an appeal should not be taken, the first inquiry which must be resolved is "whether counsel in fact consulted with the defendant about an appeal." *Flores-Ortega*, 528 U.S. at 478. If counsel did

4

not consult with the defendant regarding an appeal, the failure to do so amounts to constitutionally deficient performance "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known." *Id.* at 480. Whether a defendant was convicted following a guilty plea that contained an appeal waiver and whether the sentence received was the one bargained for as a part of the plea agreement are factors to be considered when determining whether a rational defendant would have wanted to appeal. *United States v. Poindexter*, 492 F.3d 263, 268 (4th Cir. 2007) (citing *Flores-Ortega*, 528 U.S. at 480).

Even if a petitioner can demonstrate deficient performance, a showing of prejudice under the second prong of the *Strickland* inquiry is required. If counsel did not "fulfill his consultation obligations, prejudice will be presumed if the defendant can show that, had he received reasonable advice from his attorney, he would have instructed his attorney to file a timely notice of appeal." *Poindexter*, 492 F.3d at 268-69. "The mere presence of non-frivolous issues to appeal is generally sufficient to satisfy the defendant's burden to show prejudice." *Frazer v. S. Carolina*, 430 F.3d 696, 708 (4th Cir. 2005).

At the evidentiary hearing before the undersigned, Mr. George testified that he did not think that the career offender enhancement to his advisory Guidelines range was appropriate and that he had a brief conversation with his trial counsel after sentencing but that he does not recall the specifics of the conversation. Mr. George then received no further contact from counsel until he received a letter in August of that year informing him of the decision in *United States v. Davis*, 720 F.3d 215 (4th Cir. 2013), but that his time to file a direct appeal had expired. The

5

government did not proffer any evidence that trial counsel did in fact consult with Mr. George about filing an appeal or that Mr. George had indicated to counsel that he did not want to appeal.

In the absence of any evidence to the contrary, the Court finds that Mr. George's counsel did not consult Mr. George regarding an appeal. This failure to consult was constitutionally deficient because, in addition the fact that Mr. George did not enter into a plea agreement with the government wherein his appeal rights would have been waived, a rational defendant would have wanted to notice an appeal because, at the time of Mr. George's resentencing, *Davis* was pending before the Fourth Circuit, the briefs had been filed, and the issue of how consolidated sentences under North Carolina law should be scored was squarely before the court of appeals. No. 12-4346. The Court further finds that Mr. George has demonstrated the requisite prejudice by testifying that if he had received reasonable advice he would have instructed his attorney to file an appeal, specifically regarding the scoring of two of his prior North Carolina state convictions. Furthermore, prejudice can be presumed as the holding in *Davis* provides that Mr. George would have had a non-frivolous ground for an appeal.

Accordingly, the Court holds that Mr. George received the ineffective assistance of counsel when counsel failed to consult with him regarding an appeal. For this reason, Mr. George's request to amend the judgment pursuant to Rule 59(e) is GRANTED.[2]

## CONCLUSION

For the foregoing reasons, the stay in this matter is LIFTED and petitioner's memorandum which has been recharacterized as a motion to alter or amend judgment [DE 153]

---

[2] Alternatively, the Court amends its judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. *See Liljeberg v. Health Services Acq. Corp.*, 486 U.S. 847, 848 (1988) (Rule 60(b)(6) gives "federal courts broad authority to grant relief from a final judgment upon such terms as are just") (quotation and citation omitted).

is GRANTED. Petitioner's 28 U.S.C. § 2255 motion to vacate is GRANTED as to his claim that he received the ineffective assistance of counsel. The judgment entered on June 11, 2014, in the § 2255 proceedings in this matter is hereby AMENDED to reflect the same. The Clerk of Court is DIRECTED to enter an amended judgment in favor of petitioner and against the government on the § 2255 proceedings. The Clerk of Court is further DIRECTED to VACATE the criminal judgment entered in this matter on January 3, 2013, and to re-enter a new, identical judgment of conviction from which petitioner may appeal consistent with the Federal Rules of Appellate Procedure.

SO ORDERED. This the __16__ day of August, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE